**Eliberto G. REYNA, Plaintiff–Appellant,**

v.

**Gary JOHNSON; Doug Dretke, Director of Classification; Bill Cheatham, Classification; Kenneth Lee, Classification; Danny Horton, Warden; James Mooneyham, Assistant Warden; Deborah Ford; Texas Department of Criminal Justice, Board of Directors; Mary A. Johnson, Mail Room Clerk, Defendants–Appellees.**

No. 05–10237.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided April 11, 2006.

Eliberto Reyna, Iowa Park, TX, pro se.

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM: *

Eliberto G. Reyna, Texas prisoner # 322163, along with 10 fellow prisoners housed at the James V. Allred Unit of the Texas Department of Criminal Justice,

**460**

proceeding pro se, filed the instant 42 U.S.C. § 1983 action against various prison officials, complaining about the conditions of confinement. They attempted to bring the case as a class action pursuant to FED.R.CIV.P. 23. The district court, *inter alia,* denied class certification. Reyna now appeals, arguing that the requirements for class certification have been met.

The class certification decision is not properly before us because the district court's order, which is interlocutory in nature, does not satisfy 28 U.S.C. § 1292(b). *See Chevron USA, Inc. v. School Bd. Vermilion Parish,* 294 F.3d 716, 720 (5th Cir. 2002). Moreover, this court previously denied Reyna's application to this court for permission to appeal the certification decision pursuant to FED.R.CIV.P. 23(f). *See Reyna v. Johnson,* No. 05–00007 (5th Cir. June 16, 2005) (unpublished).

The appeal is without arguable merit and is DISMISSED AS FRIVOLOUS. *See Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983); 5TH CIR. R. 42.2. Reyna is CAUTIONED that the dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g) and that if he accumulates three strikes, he will not be able to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir.1996).

Reyna's motions (1) for a writ of prohibition or restraining order; and (2) to stay the district court proceedings are DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.